**Dated: January 06, 2006**
**The following is ORDERED:**

_Tom R. Cornish_
Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:
CHRISTIE D. PHILLIPS                       Case No. 05-87019
                                           Chapter 13
        Debtor.

## OPINION

This matter came on for evidentiary hearing pursuant to the Debtor's Motion to Extend Automatic Stay. This is a case of first impression in this District and involves a request under Title 11 U.S.C. §362(c)(3) under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 which will hereinafter be referred to as the "BAPCPA". The Debtor, Christie D. Phillips, appeared in person with her counsel, Jeff P. Herrick, Esquire. Frank Medearis appeared on behalf of the Trustee, William M. Bonney, although the Trustee did not object to the Motion. No Objections have been filed by any creditor to this Motion. Because of the Debtor's history, an appropriate Motion for the continuation of the automatic stay was required to be filed in this case.

Since the Debtor has had a previous Chapter 13 case which was dismissed for failure to make plan payments under a confirmed plan, there is a presumption that the subsequent case has not been filed in good faith. The Debtor can rebut that presumption by clear and convincing evidence.

The Court heard sworn testimony from the Debtor who was examined by both Mr. Herrick and Mr. Medearis.

## BACKGROUND FACTS

Debtor filed a previous Chapter 13 Plan in this Court, made regular Plan payments for approximately thirty-six (36) months of a sixty (60) month confirmed Plan. She lost her job due to a reduction in force at the McAlester, Oklahoma, Boeing Plant, where she was making $28.00 per hour. Due to the loss of her job and the divorce, the Debtor was unable to make her timely Plan payments and her Chapter 13 case was dismissed.

Since the dismissal of the previous case, Debtor has gone from part-time to a full-time massage therapist and has been able to build up her practice. She now has regular income of $300.00 to $400.00 per week. Debtor has three children of majority age, two of whom attend college full-time and are assisted partially in their expenses by the Debtor. The Debtor herself is working on an Associate Degree and will receive it in May, 2006. After that, she plans on pursuing a Bachelor Degree at East Central State University, Ada, Oklahoma.

In the current Chapter 13 Plan case, which was filed on November 29, 2005, the Debtor will have a monthly Plan payment of $1,070.00 per month. She states that she will be able to make all her Plan payments in a timely fashion.

## CONCLUSIONS OF LAW

Section 362(c)(3) provides in part:

(c) Except as provided in subsections (d), (e), (f), and (h) of this section–

> (3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--
>
>> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect

2

Case 05-87019   Doc 37   Filed 01/06/06   Entered 01/06/06 12:01:35   Desc Main
Document   Page 2 of 5

to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

(B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and

(C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)--

> (i) as to all creditors, if–
>
>> (I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;
>>
>> (II) a previous case under any chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to–
>>
>>> (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);
>>>
>>> (bb) provide adequate protection as ordered by the court; or
>>>
>>> (cc) perform the terms of a plan confirmed by the court; or
>>
>> (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded–

3

> > (aa) if a case under chapter 7, with a discharge; or
>
> > (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and
>
> (ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor, if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor;

11 U.S.C. §362(c)(3).

The Court is compelled to conclude, by clear and convincing evidence, the present Chapter 13 case has been filed in good faith by Mrs. Phillips. The Court further finds that the previous Chapter 13 case was dismissed by the Debtor's failure to make Plan payments, but this was due to circumstances beyond the control of the Debtor, i.e. loss of Boeing job and divorce. The Court believes and finds that the Debtor now has regular self-employment with a stable income that will enable her to make her Plan payments in the current case in a timely fashion. The Court further believes that there has been a substantial change in the Debtor's financial and personal affairs since the dismissal of her previous Chapter 13 case that will enable her to make the Plan payments in the current Plan.

Attorneys who practice before this Court are advised that if their Motion to Extend the Automatic Stay is unopposed, the Court may grant the Motion under certain circumstances without the necessity of a hearing. In order to do so, there must be proper notice and opportunity to object provided to all creditors. In addition, in order to grant the Motion without a hearing, the Court must find that counsel in their Motion have properly pled all the elements under §362(c)(3) including rebutting by clear and convincing evidence the presumption that the case was not filed in good faith. 11 U.S.C. §362(c)(3)(C).

**4**

THEREFORE, the Court finds by clear and convincing evidence, that the automatic stay should be continued in this case until further Order of the Court.

####

Jeff P. Herrick
Attorney for Debtor

Frank Medearis
Attorney for Trustee